ANNIE ELY AND FREDERICK C. ELY, RESPONDENTS, v.
HAHNE & COMPANY, APPELLANT.

Submitted May 29, 1931.—Decided October 19, 1931.

For the appellant, *Collins & Corbin* (*Edward A. Markley,*
*Charles W. Broadhurst,* of counsel).

For the respondents, *Kent & Kent.*

The opinion of the court was delivered by

LLOYD, J. In an action to recover damages for personal
injuries received by Mrs. Ely and alleged to have been
caused by the negligence of the defendant below, there was
a verdict and judgment for the plaintiffs and the defendant
appeals, alleging as grounds of appeal that there was error
in the denial of motions for nonsuit at the conclusion of the
plaintiffs' case, and of a motion for direction of a verdict in
favor of the defendant at the conclusion of the entire case.

The defendant conducts a department store in the city
of Newark, and on August 22d, 1927, Mrs. Ely visited the
store to make purchases. While passing through the store
she fell at the juncture of an old floor and a new floor, then
being laid, and received the injuries for which recovery was
sought.

The proofs showed that originally the entire floor being of wood, the defendant had contracted with the Marbleoid Company to cover this flooring with marbleoid. This recovering had been completed to the point where the accident occurred and at this point there was a fall of two inches, according to the plaintiff's proof, between the marbleoid already in place and the uncovered wooden floor. When Mrs. Ely stepped from the marbleoid to the wooden floor she fell. In this situation the defendant seeks to invoke the rule of law applicable to completed structures to the effect that before negligence can be established it must be shown that the construction is a departure from a standard of construction in general use, but it is obvious that such rule is not applicable to the case at hand. Here the floor was undergoing repair, and in the course of that repair and while in an incompleted state a drop of two inches from the marbleoid floor to the uncovered wooden floor had been left without guard or warning to those invited to enter the store. The purpose was to cover the whole floor and when completed to provide an even level on which to walk. We cannot say that leaving such a degree of irregularity in the flooring as it progressed was not evidence of negligence, or that the learned trial judge should have controlled the case by nonsuit or direction of a verdict in favor of the defendant on this ground.

The other reasons urged in the trial court in support of the motions and pressed before us on the appeal are without substance and call for no special comment.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.